UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VLADIK BYKOV, | CASE NO. 2:26-cv-00853-LK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART |
| v. | MOTION TO EXTEND DEADLINE |
| BARTON FAMILY FUNERAL SERVICE LLC et al., | FOR SERVICE OF PROCESS |
| Defendants. | |

This matter comes before the Court on Plaintiff Vladik Bykov's Motion to Extend Deadline for Service of Process. Dkt. No. 17. For the reasons set forth below, the Court grants in part and denies in part the motion.

## I.   BACKGROUND

Bykov filed the complaint in this matter on March 9, 2026. Dkt. No. 1. Bykov asserts that even though his mother died of natural causes in his home, his brother called 911, and Kirkland officers responded. *Id.* at 1–8. The officers repeatedly knocked and attempted to speak with Bykov,

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DEADLINE FOR SERVICE OF PROCESS - 1

but after he ignored them, they ultimately "broke down the front door to [his] house," arrested him, and "searched the entire house" without a warrant. *Id.* at 9.

While at Bykov's home, an officer contacted Defendant Barton Family Funeral Service LLC ("Barton") to arrange for them to pick up Bykov's deceased mother, but Bykov contends he "did not actually want to use their services." *Id.* at 13. "And, in turn, Barton Family Funeral Service failed to ascertain whether it was the wish of Mr. Bykov to use their services." *Id.* Instead, a Barton employee allegedly removed her from the home without Bykov's permission. *Id.* at 16. According to Bykov, he had a series of communications with Barton and its attorney, and 18 months after his mother's death, she was buried without his permission. *Id.* at 18.

Bykov filed suit against Barton, the City of Kirkland, and six Kirkland police officers. *Id.* at 19–20. He asserts claims against the police officers for violation of his Fourth Amendment rights, claims against all Defendants for violation of the Washington state constitution and his Fourteenth Amendment rights, and claims against Barton for violation of unspecified state laws. *Id.* at 20–29. He seeks compensatory and punitive damages. *Id.* at 29. The City of Kirkland and its officers have waived service, Dkt. Nos. 9–14, and answered the complaint, Dkt. No. 21.

On May 31, 2026, Bykov filed this motion to extend the time to serve Barton. Dkt. No. 17. No party has opposed the motion.

## II.    DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a timely showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DEADLINE FOR SERVICE OF PROCESS - 2

(9th Cir. 2001). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, Bykov filed his motion to extend the time to serve Barton shortly before the 90-day period elapsed, violating Local Civil Rule 7(j), which requires that "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." By the time Bykov's motion was ripe for the Court's consideration, more than 90 days had elapsed since he filed his complaint. Dkt. No. 1. The Court therefore applies the excusable neglect standard. Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit has recognized that "[a]t a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991).

Bykov has detailed his efforts to serve Barton, including requesting a waiver of service, communicating with Barton's counsel, and engaging a process server to serve Barton's registered agent, Steven Barton. Dkt. No. 17 at 2; Dkt. No. 18 at 1–3; Dkt. No. 18-1; Dkt. No. 20. However, Barton has not waived service, and its counsel has not responded to Bykov. Dkt. No. 18 at 2. The process server has been unable to serve Barton, despite multiple attempts. *Id.* at 2–3; Dkt. No. 20 at 1–2. Under these circumstances, the Court exercises its discretion to permit an extension of time to serve Barton. *In re Sheehan*, 253 F.3d at 513 ("[U]nder the terms of [Rule 4(m)], the court's discretion is broad.").

Bykov requests a three-month extension to serve Barton. Dkt. No. 17 at 4. However, the Court finds that 60 days should be sufficient. Moreover, instead of continually trying to personally serve Steven Barton as the registered agent for Barton, Bykov could consider other ways of accomplishing service as permitted by applicable rules and law. Fed. R. Civ. P. 4(e)(1), -(h)(1)(A)–(B).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DEADLINE FOR SERVICE OF PROCESS - 3

Accordingly, the Court provides a 60-day extension (to August 6, 2026) to serve the complaint on Barton. Finally, Barton is reminded that a defendant that declines to waive service without good cause may be required to pay the expenses later incurred in effecting service. Fed. R. Civ. P. 4(d)(2)(A).

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Bykov's Motion to Extend Deadline for Service of Process, Dkt. No. 17, and extends the deadline to serve Barton Family Funeral Service LLC to August 6, 2026.

Dated this 29th day of June, 2026.

Lauren King
United States District Judge